FREDERICK HITCHLER, Respondent, *v.* GOTTFRIED VOELKER, Appellant.

### March 30, 1880.

1. The jury are the proper judges of the weight of evidence and the relative credibility of witnesses.

2. Where a man's teeth have been wantonly knocked out by a blow of the fist, an instruction as to punitive damages is proper.

3. Though there is testimony tending to show that the loss of the teeth was a benefit to the plaintiff, this need not be considered by the jury in mitigation of damages.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

G. H. HOSPES, for the appellant.

GEORGE A. RITTER and W. H. H. RUSSELL, for respondent, cited: *Malecek* v. *Railroad Co.*, 57 Mo. 17 ; *Brown* v. *Emerson*, 18 Mo. 103.

HAYDEN, J., delivered the opinion of the court.

This is an action to recover damages for an assault and battery. The answer was a general denial. The assault and battery were proved, and the chief issue of fact appears to have been whether the blow given by defendant to the plaintiff knocked teeth out of the mouth of the former, or not. The plaintiff produced teeth upon the trial, but the identity of these teeth was the subject of much conflicting evidence. It is clear, however, that the question whether such teeth could have been extracted from the plaintiff's mouth by a blow of the fist, though there was medical testimony to the contrary, was for the jury. Though this may have been scientifically an impossibility, the jury may have believed it to have been physically a fact. The conflict of evidence was for them.

The question as to the teeth was important, as affecting the damages, which the defendant complains were excessive. But if the teeth were knocked out, and consequences followed as testified to, we cannot say that the amount given was too much. The defendant, indeed, argues that the plaintiff suffered merely a dental, and not a pecuniary loss ; but we must take it that the former implies the latter, in spite of the testimony of some of the defendant's medical witnesses, who seem to say that the deprivation of the teeth was a benefit rather than an injury to the plaintiff. It may be that the general health of the plaintiff was improved by

the extraction of the teeth, but the law does not compel a man to pay for benefits thus thrust upon him. Neither can such benefits, remote and uncertain as they would necessarily be, be considered in mitigation of damages.

There was evidence from which the jury may have inferred that the injury was wantonly and maliciously inflicted, and therefore it was not error to give the instruction as to punitive damages. *Edelmann* v. *Transfer Co.*, 3 Mo. App. 503.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.