CORDELIA JESSEE, Respondent, v. G. L. KENNEY, Appellant.

Springfield Court of Appeals, March 25, 1921.

1. **JUDGMENT: Judgment in Action between Others, Competent to Show Plaintiff was not a Trespasser when Assaulted.** To show that plaintiff in an action for assault and battery was not a trespasser on defendant's premises at the time and place of the trouble, a prior judgment in a possessory action between defendant and plaintiff's husband; under which possession of the husband, and consequently of his family, could not be disturbed at such time, was competent.

2. **ASSAULT AND BATTERY: Evidence of Separate Transaction in the Chain of Causes Admissible on Issue of Punitive Damages.** On issue of punitive damages, in an action for assault and battery, evidence that defendant earlier in the day tore down a fence on the premises occupied by plaintiff and her husband is admissible; such conduct, while a separate matter, being in the chain of causes that led to the difficulty and closely connected therewith.

3. ————: **Punitive Damages Recoverable in Case of Attending Circumstances of Aggravation.** Where there are circumstances of aggravation attending the commission of an assault and battery, punitive damages may be awarded, and therefore in such case it is proper to instruct on such damages.

· 640

4. **TRIAL**: Refusal of Requested Instructions Covered by Those Given, not Error. Refusal of requested instructions may not be complained of, where the instructions given fairly submitted the issues.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins*, Judge.

AFFIRMED.

*J. A. Sturges* for appellant.

(1)   Care should always be observed to avoid going into collateral issues: first, because the adverse party is not advised by the pleadings to meet any other issues than those therein presented; second because extraneous issues needlessly consume the time of the court and have a tendency to confuse the minds of the jurors.   Council v. St. L. & S. F. R. R. Co., 123 Mo. App. 432, l. c. 442.   Such evidence should not be permitted merely to discredit the defendant or prejudice the jury against him.   Edgar v. Kupper, 110  Mo. App. 280, l. c. 286.

*Allen McReynolds* and *O. R. Puckett* for respondent.

(1)   Malice is implied from the intentional doing of a wrongful act without just cause or excuse.   Proof of such is proof of malice, and exemplary damages can be based upon such character of malice.   If the jury believed plaintiff's testimony, which they evidently did, it was their duty to assess punitive damages.   One cannot comment with moderation upon this unjustifiable and brutal assault.   Riddle v. Moffett, 159 Mo. App. 470; Jennings v. Appleman, 159 Mo. App. 12.   (2)   It is always permissible to show the circumstances under which the assault was committed, either in aggravation or in mitigation of the damages.   Also, as showing defendant's state of mind when the act was done.   Jennings v. Appleman, 159 Mo. App. 12; Joice v. Branson, 73 Mo. 28; Bond v. Williams, 214 S. W. 202 (July, 1919).

BRADLEY, J.—This is suit for damages based on an alleged assault and battery. The cause was filed in McDonald County, and the venue changed to Jasper County, where a trial before the court, and a jury resulted in a verdict and judgment for $250 for actual damages, and $500 for punitive damages. Failing to get a new trial defendant appealed.

Plaintiff alleges that on September 9, 1919, defendant wantonly, maliciously, and without just cause, reason or provocation, willfully, wrongfully and unlawfully assaulted, beat and wounded her, by striking her two violent blows upon the right side of her face with a pitch fork handle, and by striking her across the right shoulder and right arm with the pitch fork handle, and by striking her in the face and on the side of the head with his fist.

Defendant answered by general denial and a plea of self defense. He alleges that on the occasion complained of plaintiff assaulted him with a club and with a hammer, and that at the time he had in his hands a pitchfork, and that in the struggle the handle may have struck her "in various places;" that in the struggle he took the hammer from plaintiff, and in doing so pushed back, and then jerked, and in doing so may have struck plaintiff with the hammer handle.

Plaintiff and her husband and family had lived on defendant's farm for some years while he was away for his wife's health. Defendant returned, and later a suit for possession was filed by defendant against plaintiff's husband. Judgment for possession was given by agreement, and execution was stayed until December 1, 1919. It was after the settlement of the possession suit and before the expiration of the stay that the difficulty occurred between plaintiff and defendant. Plaintiff's husband had been suck for some time with typhoid fever, and she was manager of the household. Plaintiff testified that just before noon of the day of the difficulty defendant was taking down the pasture fence

of the premises which plaintiff and her husband occupied; that she had her cattle in the pasture, and that she went out and told defendant not to tear down this fence; that he tore down three gaps in this fence; that in the afternoon about 3 or 4 o'clock a neighbor, a Mr. Platner, who had called to see her husband, went with her to fix the fence; that while they were repairing the fence the defendant came from his hay field near by and said to Platner: "Did you know you are trespassing?" and that Platner said that if he was it was not intentional. That defendant then said: "Mr. Jessee's folks have been stealing from me ever since they have been here." Plaintiff says that she then called defendant a liar, and that he hit her across the head, and shoulder with a pitchfork handle. "I had picked up an old piece of stick there to prop one of the posts. After he hit me twice I struck him with the stick kind of over the head and shoulder, and it broke. He got my arm twisted around the pitchfork handle and was pushing—he had my hand twisted around the pitchfork handle and was hitting me with his fist. I think Mr. Platner told him not to hit me any more, the best I can remember, and he told me to come on and go to the house. He turned loose of my hand and I pulled my arm loose. I don't know whether I had the hammer in my hand or how come me to have the hammer, and he grabbed hold of it and hit me right up there on the breast. He taken the hammer away from me, I think, and the best I remember, we turned and went to the house." Platner was a witness for plaintiff and gave substantially the same version, except he says that in the beginning they both struck about the same time. Defendant's evidence tends to show that all he did was to defend himself. Plaintiff was bruised considerably about the face, on her shoulder and on her breast and suffered for some weeks from the effects of the encounter.

Defendant, in effect, makes two assignments: (1) The admission of alleged incompetent evidence; (2) the giving and refusing of instructions.

(1) Defendant complains because the court admitted in evidence a certified copy of the judgment and disposition of the possession suit. The possession suit was against plaintiff's husband, and the objection was that the cause was not between the same parties, and was not material to the issues on trial. This judgment or settlement disclosed that plaintiff's husband, and of course his family, would not be molested by an execution or writ of restitution prior to December 1, 1919. The judgment was rendered on August 2, 1919. This judgment established that plaintiff was not a trespasser on defendant's premises, and we think was competent for that purpose. Defendant says that the reading in evidence of this judgment tended to impress the jury with the idea that defendant had no right on any part of the entire farm of 186 acres, and was a trespasser acting with malice. Defendant knew when he left the hay field that plaintiff and her family had, under the settlement he had made, a lawful right to occupy the premises until December 1st. He also says that he recognized Platner before he started to the place where plaintiff and Platner were fixing the fence, and says that he and Platner had not got along for 15 years. He also says that he did not want the Jessees to put their stock in the pasture, because they had no right to do so. It appears that defendant carried his pitchfork along when he went to remonstrate against plaintiff and Platner fixing the pasture fence. We of course have no way of knowing how the judgment read in evidence impressed the jury, but we are clear that error was not committed in admitting it.

Defendant complains because the court admitted in evidence the conduct of defendant, about noon of the day of the difficulty, in tearing down the fence. The objection to this was that it was a separate transaction from the one on trial, and was a collateral matter. While this conduct was a separate matter, yet it was in the chain of causes that led to the difficulty and was closely con-

nected therewith and was properly admitted on the issue of punitive damages. [Ellis v. Wahl, 180 Mo. App. .507, 167 S. W. 582; Jennings v. Appleman, 159 Mo. App. 12, 139 S. W. 817.] This disposes of all the objections of consequence to the admission of evidence where there was an objection. There is one other concerning the evidence of the physician who examined plaintiff, and who testified concerning her injury, but we do not consider this assignment of sufficient consequence to merit separate discussion.

(2) Defendant complains that instructions were given and refused to his injury and hurt. He contends that there was no evidence of malice, and that no instruction should have been given allowing recovery for punitive damages. The record and the authorities do not support defendant in this contention. Hitchler v. Voelker, 8 Mo. App. 492; Beck v. Dowell, 111 Mo. 506, 20 S. W. 209; Cole v. Long,—S. W--, decided by this court at the present term, and not yet reported. Where there are circumstances of aggravation attending the commission of the assault and battery the jury may award punitive damages, and in such case it is proper to instruct on such damages. [2 R. C. L. 583; Morgan v.. Durfree, 69 Mo. 469.]

Defendant complains of instruction 3 given for plaintiff, and because the court refused his instructions 9, 10, 11 and 12. The court gave three instructions at the request of plaintiff, and 7 at defendant's request. We have examined these instructions, and find no substantial merit to the assignment based on the instructions. Defendant concedes that the issues tendered in his refused instructions 9 and 10, are covered by other instructions. The instructions given fairly submitted the issues, and defendant has no room for just complaint in this respect. The judgment below should be affirmed and it is so ordered. *Cox P. J.*, and *Farrington, J.*, concur.