DAVIS, Respondent *v.* DESCH et al., Appellant.

No. 8594

Submitted October 26, 1945. Decided January 15, 1946.

164 Pac. (2d) 1015

Mr. R. H. Wiedman, of Polson for appellants.

Mr. F. H. Hamman, of Polson, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by defendants from a judgment entered on a verdict in favor of the plaintiff for $54 actual damages and $200 exemplary damages.

The complaint contained two causes of action. The first alleged a wrongful trespass by defendants upon plaintiff's land, consisting of a 40-acre tract in Lake county. It is alleged that across this tract of land extended an old trail from north to south, at each end of which there is a gate; that defendants' land adjoined plaintiff's land on the north; that plaintiff's land was enclosed by a substantial fence; that while plaintiff was in the act of building a fence on the west side of the trail, defendants by threats, force and violence drove him from his work, tore up that part of the fence which he had built and prevented him from completing the fence, and by this means permitted their cattle to enter upon his land and eat and destroy the grass thereon to his damage.

The second cause of action set out substantially the same facts and that defendants from time to time left the gate open at the north end of the trail as it leaves plaintiff's premises, and that as a consequence cattle of the defendants during the years 1941, 1942 and 1943 have wrongfully entered upon plaintiff's premises with the full knowledge of the defendants and ate, injured and destroyed the grass and vegetation to his damage in the sum of $450. It further alleged that the acts and course of conduct of the defendants has been malicious and for the purpose of harrassing and annoying the plaintiff.

The answer of the defendants is in effect a general denial. It

denies specifically that plaintiff's premises were enclosed by a substantial fence, and alleges that the trail across plaintiff's land was in fact a public highway, and that there never was an agreement to keep the gates closed. They deny specifically that they were guilty of any malice or wrongdoing and allege affirmatively that plaintiff rented his premises from the state of Montana for residential purposes at the rate of $5 per year.

Such portions of the evidence as we deem of importance will be alluded to as we discuss the legal questions presented.

Defendants contend that the verdict was against the law and the evidence. The evidence discloses that the trail in question here was formerly the main public highway between Polson and Kalispell until about twelve years ago when the present Highway No. 93 was opened. Since Highway No. 93 was opened, the old road, which will hereinafter be called the "trail," was used but very little and gates were placed across it at points other than at the places where it entered plaintiff's land.

In July 1944, while plaintiff was attempting to erect a fence on the west side of the trail, defendants pulled the posts out of the ground which he had set and told him that they would tear it down if plaintiff put it up. Defendants admitted these acts but attempted to justify their action upon the ground that the posts were set so close to the traveled portion of the road as to make it a one-way trail. Plaintiff's version of this was that defendants objected to the building of the fence because there was not being left a 60-foot lane.

Plaintiff testified that defendants drove him away from his fencing by threats to fight him, and that his wife was afraid to live on the place, and that in consequence they were forced to move from it.

There is conflict in the evidence on most of the vital matters. We cannot say from the record that there is not substantial evidence to support the verdict. In addition to the evidence above alluded to there was evidence that the post holes were still visible at or beside the trail at the time of the trial. The jury, on motion of defendants, viewed the premises. Plain-

tiff testified that he had three cows which cost $1.50 per month to feed, or $18 per year for each and that the damage for the three cows for one year would be $54. This he said he sustained because of the acts of defendants in grazing their cattle on plaintiff's land each year for three years.

The amount of the verdict for general damages was $54. The evidence justifies the verdict in that amount and would have warranted a verdict for a larger amount. We find no merit in the argument of defendants that the verdict is against the law and the evidence.

Defendants contend that, since plaintiff made no claim that he had his land enclosed with a legal fence, there is no basis for recovery. There is ample evidence, if believed by the jury as it evidently was, to sustain a claim for willful trespass, Dunbar v. Emigh, Mont. 158 Pac. (2d) 311, and cases therein cited, and for exemplary damages. While the fence was not a legal one, it was sufficient to turn cattle, according to at least some of the evidence. There is also some evidence that defendants willfully drove cattle onto plaintiff's premises.

It is urged that the court erred in not granting a continuance of the case because, it is contended, one of the defendants was absent and serving in the Army. The action was originally brought against Fred Desch and Melvin Desch. Summons was served upon Frederick J. Desch. Frederick J. Desch has a son in the Army named Fred Desch who is also known as "Fritz." At the trial plaintiff, over objection, was permitted to amend the complaint by inserting, after the words "Fred Desch" in the title of the action, the words " (also known as Frederick J. Desch)." This, it is likewise contended, was error. The court did not err in permitting the amendment or in refusing the continuance. The proper party was served with summons and made answer in the case. The defendant was the senior Mr. Desch who was shown by the evidence to be known as Fred Desch as well as Frederick J. Desch. There was no abuse of discretion on the part of the court in denying the continuance and in permitting the amendment. The amendment did not add a new

party but further identified one of the defendants who was a party from the beginning.

It is contended that the court erred in not dismissing the action as to defendant Melvin Desch. He testified that he did not own any of the trespassing cattle. There is some evidence, however, that he drove them on plaintiff's premises and that he pulled up the fence posts set by plaintiff and threatened to prevent plaintiff from building a fence on the west side of the trail or road. The court did not err in refusing to dismiss the action as to Melvin Desch. The particular ownership of the cattle was unimportant under the circumstances.

Defendants contend that it was error to receive certain evidence over their objection. The particular evidence complained of is evidence showing that defendants dug a ditch beside the road or trail in such a way as to drain water into plaintiff's cellar to his damage. The complaint at first contained the following paragraph: ''That the above course of conduct on the part of the defendants has been malicious and designing, and for the purpose of harrassing and annoying this plaintiff in the occupation and use of his premises; that in furtherance of this design said defendants did about April, 1943, ditch the drain water from the ditch along this trail so as to permit the same to enter upon the premises of plaintiff and into his dwelling house basement, to his great inconvenience, annoyance and damage.'' This paragraph was on motion stricken from the complaint.

Defendants objected to evidence on the point, on plaintiff's re-direct examination, as not within the issues in the case. The court took the view that it was proper re-direct examination because the matter was opened up on plaintiff's cross-examination. It was shown on cross-examination that plaintiff moved off the premises in question here, and the evidence was offered to show why he moved. It was shown that as a result of the turning of the water into plaintiff's basement an argument ensued between plaintiff and one of the defendants in the presence of plaintiff's wife, as the result of which plaintiff's wife did not feel safe in

living there. The court, in admitting the evidence, stated that it could not be considered in fixing the damages.

This evidence should not have been admitted. It was a sep-█ arate transaction from the matter on trial. Compare Jessee v. Kenney, 207 Mo. App. 640, 229 S. W. 219. However, we think its admission was harmless under the circumstances.

The court instructed the jury that punitive damages could not be awarded unless plaintiff "has suffered actual damages because of the wrongful acts of the defendants."

The award of actual damages in the sum of $54 is based upon testimony that plaintiff sustained that amount of damages as a result of defendants' acts in depriving plaintiff of his pasture. That evidence was the only evidence of actual damages in the record. The punitive damages, in view of the instructions of the court, has to be based upon proof of actual damages.

We think the erroneous admission of the evidence complained of was harmless under the circumstances here shown, particularly when considered in connection with the size of the verdict both for actual and exemplary damages, and where defendants as here admitted digging the ditch to drain water off the road but denied that it entered the basement of plaintiff's building.

It is contended by defendants that the court erred in denying █ their motion for a new trial. The motion was supported by affidavit of defendants' attorney that since the trial he and the defendants had discovered new evidence. The affidavit names three witnesses and states that they would testify that plaintiff stated to them that he was moving from the property here involved for the sole reason that it was more convenient for his daughter and two grandsons to attend school if they moved into Polson. There was no showing of due diligence on the part of the defendants in attempting to discover this evidence before the trial. Furthermore, the court was justified in concluding that the evidence related to a matter which would probably not have changed the result upon another trial. The court did not abuse its discretion in denying the motion for new trial.

258

It is contended that the verdict is against the law as announced in certain of the instructions. There is no merit in this contention.

The only other contention is that the court erred in not giving to the jury the pleadings in the case. The record discloses that at the settlement of the instructions plaintiff offered a statement of the case, which was objected to by defendants. The court in refusing the instruction stated that it would give in lieu thereof three instructions which were thereupon given.

The record does not disclose that any request was made to ▮ have the pleadings submitted to the jury. Furthermore, it would have been improper to submit them in this case because the answer contained an alleged counterclaim concerning which no evidence had been introduced and it would have been likely to prejudice the jurors, and at most would have served more to confuse than to aid them.

Finding no merit in the contentions of defendants, the judgment is affirmed.

Mr. Chief Justice Johnson and Associate Justices Adair, Morris and Cheadle concur.