598 A.2d 22

ANTONIO GARAY, PLAINTIFF, v. THE STAR LEDGER, COLIN SERVICES SYSTEMS, AND FMC CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

Decided September 13, 1991.

*Luis R. Sanchez,* for Plaintiff (*Sanchez, Sanchez, & Santoliquida,* Attorneys).

*Angela A. Iuso,* for Defendant The Star Ledger (*Connell, Foley, & Geiser,* Attorneys).

*Rosalie Burrows,* for Defendant FMC Corporation (*McCarter & English,* Attorneys).

ALLEY, J.S.C.

On October 18, 1986, the plaintiff, Antonio Garay, allegedly was injured while working at a plant of The Newark Star–Ledger in Piscataway. The original complaint was filed on September 28, 1988, against The Star–Ledger, Colin Services Systems (plaintiff's employer), and a fictitious corporation, designated as ABC Corporation, as permitted by *R.* 4:26–4. On January 15, 1991, over two years after suit was filed, and over four years after the incident in suit, plaintiff sought leave to file an amended pleading naming FMC Corporation as the defendant previously identified by the fictitious name. The court granted leave without prejudice to FMC's statute of limitations defense. Plaintiff claims that FMC is liable on various product liability theories as the manufacturer of the machine that allegedly caused the injury.

FMC has moved for summary judgment with prejudice as to all claims and crossclaims. It asserts that plaintiff is not entitled to the protection of *R.* 4:26-4 because he did not act with reasonable diligence to ascertain the identity of FMC. FMC also claims that it was prejudiced by the delay.

■ It appears that summary judgment is not the correct procedure for FMC to have employed in this context, but in the absence of an objection by plaintiff to FMC's choice of procedure, the court will address the substance of FMC's motion. Under the summary judgment procedure of *R.* 4:46 invoked by FMC, a motion can be defeated simply by the opposition proffering a single genuine issue of material fact. The timeliness of the identification of a fictitious defendant under *R.* 4:26-4, however, as all counsel agreed at oral argument, is a question of law for the court to resolve by balancing competing factors, which includes a discretionary exercise of judgment. The court will employ the latter standard, which may favor FMC more than the summary judgment standard.

■ As the language of the Rule itself indicates, the principal basis for employing *R.* 4:26-4 in the first instance is that the true identity of the defendant is unknown to the plaintiff. *Marion v. Borough of Manasquan,* 231 *N.J.Super.* 320, 334, 555 *A.*2d 699 (Law Div.1989). When, as here, the statute of limitations has run, and the plaintiff then seeks to name a defendant joined under a fictitious name, the courts have additionally required that the plaintiff demonstrate the exercise of reasonable diligence to ascertain the identity of the party in question and also show that the defendant will not be unduly prejudiced by the late filing. *Farrell v. Votator Division of Chemetron Corp.,* 62 *N.J.* 111, 299 *A.*2d 394 (1973); *Hernandez v. St. James Hospital,* 214 *N.J.Super.* 538, 520 *A.*2d 773 (App. Div.1986).

It is not seriously contested that the actions of plaintiff's original attorney may well have fallen short of customary standards of diligence insofar as a pursuit of the identity of

FMC is concerned. In fact, plaintiff's present attorney acknowledges,

It is undisputed that plaintiff's original attorney engaged in no discovery and that there was no "real" discovery until the undersigned assumed the representation of plaintiff in this matter. (Plaintiff's Brief at 8).

It is the actions or inactions of plaintiff's original attorney that give rise to all or most of FMC's assertions on this motion. That attorney made no known effort to seek discovery from the defendant Star–Ledger as to the identity of the fictitiously-named manufacturer. Indeed, such discovery was not pursued until nearly four years after the accident, following the entry into action of plaintiff's present counsel.

Plaintiff contends that The Star–Ledger barred access to its plant and that his original counsel was hampered in ascertaining the identity of the manufacturer of the machine because of an insurance coverage dispute between The Star–Ledger and his employer. Accepting this as true, plaintiff nevertheless could have propounded interrogatories, taken depositions, and moved for an order compelling admittance to the property. Plaintiff's original counsel did none of these things. But it is undisputed that diligence prevailed once plaintiff obtained a new attorney in mid–1990.

In light of these circumstances, it is necessary to consider whether the shortcomings of plaintiff's original counsel should bar plaintiff from pursuing FMC, and it is also necessary to analyze FMC's contention that genuine prejudice has intervened to hamper its defense.

The "balance of individual considerations of justice and repose" referred to in *Farrell*, 62 *N.J.* at 122, 299 *A.*2d 394, is a reminder that the objective is not to punish a party in response to the shortcomings of a former attorney. The objective is to do justice. Indeed, *R.* 1:1–2 mandates that the Rules of Court, which includes *R.* 4:26–4, "shall be construed to secure a just determination ... [and] fairness in administration." This cannot be done mechanically, but must be the result of balancing, of deliberation, of consideration. This is

not to suggest that a party is necessarily immune from the delinquencies of its attorney, for of course that is not so. But on the record in this case, in the court's view, those delinquencies are not in and of themselves sufficient under all the circumstances to act as a bar to plaintiff's claim against FMC.

FMC forcefully contends, however, that to continue the litigation against it would ignore prejudice that allegedly has occurred, citing *Hernandez,* 101 *N.J.* at 547–48, 520 *A.*2d 773. FMC claims that the considerable time between the alleged accident and the naming of FMC prevents it from presenting an adequate defense.

The claims against FMC are for alleged defects in the design and manufacture of the machine. There has been no persuasive evidence showing that the passage of time has served to substantially inhibit FMC's ability to defend claims of this type. It appears uncontroverted that no substantial change has occurred with respect to the FMC equipment. FMC does not say that it will be unable to offer experts to support a defense that the machine was properly manufactured and designed. FMC does argue that so much time has passed that it will be unable to ascertain how the accident happened. In particular, it indicates that a couple of potential fact witnesses who were deposed after FMC's joinder are lacking in recollection on certain points and that one defendant, plaintiff's employer, has been dismissed from the case. But it is not at all clear that these witnesses' recollections would have been substantially better if they had been deposed much earlier. Even granting FMC the full measure of its assertions in this regard, the court nevertheless is not satisfied that FMC has carried its burden of showing substantial prejudice. And the dismissal of plaintiff's employer as a defendant has in no way prevented FMC from deposing the employer as a non-party witness. Moreover, there is not any persuasive showing that other types of potentially severe prejudice to FMC have occurred, such as the destruction of the equipment before FMC could inspect it, or the unavaila-

bility of the testimony of key FMC personnel having knowledge of the design or manufacture of the equipment.

On the subject of the memories of fact witnesses, it is noteworthy that in *Jarusewicz v. Johns Manville Products Corp.*, 188 *N.J.Super.* 638, 648, 458 *A*.2d 156 (Law Div.1983), Judge Keefe observed that:

> The passage of time naturally dulls some memories and results in the loss or destruction of records. That problem, however, is not related to the use of the fictitious name practice, but, rather, is proof of the need for it. There is certainly no suggestion that plaintiffs have been benefitted by the delay. As stated by the Supreme Court in *Farrell v. Votator Div. of Chemetron Corp.:* Justice impels strongly towards affording the plaintiffs their day in court on the merits of their claim; and the absence of prejudice, reliance or unjustifiable delay, strengthens the conclusion that this may fairly be done in the matter at hand 'without any undue impairment of the two-year limitation or the considerations of repose which underlie it' [*Fernandi v.*] *Strully*, 35 *N.J.* [434] 437, 451 [173 *A*.2d 277] [62 *N.J.* at 122–123, 299 *A*.2d 394].

It is not amiss to note the Supreme Court's statement in *Farrell* that

> The defendant Votator, by manufacturing the machine which the plaintiffs assert was distributed without being equipped with a suitable guard, admittedly placed itself in jeopardy of a subsequent cause of action. That action, though brought years later, may be held timely on a proper balance of considerations of individual justice and repose ... *Farrell*, 62 *N.J.* at 122, 299 *A*.2d 394.

Although not on all fours with this case, the authorities under *N.J.S.A.* 59:8–9 regarding the circumstances when late filings are allowed under the Tort Claims Act are useful by analogy. A learned treatise suggests that the courts have been the most lenient in determining that a claimant has proffered "sufficient reasons" for the late filing when the fault is attributable to the claimant's counsel, rather than the claimant, and that the prejudice to the public entity must have been "substantial." Margolis and Novack, *Claims Against Public Entities* (Gann Law Books, 1991 ed.) at 119. If this is the standard with respect to joinder of public entities, which otherwise would be immune from suit, in the absence of controlling authority to that effect, no more rigorous a duty should be imposed when the defendant is a private party.

Under all the circumstances, having performed the careful balancing incumbent in these circumstances, the court finds that FMC has not shown that plaintiff should be barred from pursuing the case against it. FMC's motion for summary judgment is accordingly denied.