PATTERSON, APPELLANT, *v.* V & M AUTO BODY, APPELLEE.

[Cite as *Patterson v. V & M Auto Body* (1992), 63 Ohio St.3d 573.]

(No. 91–552—Submitted February 11, 1992—Decided May 6, 1992.)

---

*Joan L. Turner*, for appellant.

*Richards & Meola, Charles L. Richards* and *Jeffrey V. Goodman*, for appellee.

HERBERT R. BROWN, J.   In this case we are asked to decide whether a lawsuit may be knowingly maintained against a defendant solely under the fictitious name in which the defendant does business.   For the following reasons, we hold that it may not.

It is well established that both plaintiff and defendant in a lawsuit must be legal entities with the capacity to be sued.   Cf. Civ.R. 17(B); *Barnhart v. Schultz* (1978), 53 Ohio St.2d 59, 61, 7 O.O.3d 142, 143, 372 N.E.2d 589, 591, overruled on other grounds, *Baker v. McKnight* (1983), 4 Ohio St.3d 125, 4 OBR 371, 447 N.E.2d 104.   A sole proprietorship has no legal identity separate

from that of the individual who owns it. It may do business under a fictitious name if it chooses, but " * * * [d]oing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. * * * " *Duval v. Midwest Auto City, Inc.* (D.Neb.1977), 425 F.Supp. 1381, 1387. The proper defendant in this case was Victor Searfoss, doing business as V & M Auto Body.

The Ohio Rules of Civil Procedure provide for liberal amendment of pleadings, under certain circumstances as of right, otherwise by leave of court. Leave of court "shall be freely given when justice so requires. * * * " Civ.R. 15(A). Amendments to claims or defenses ordinarily relate back to the date of the filing of the original pleading and an amendment to the parties will also relate back to the original complaint if "the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Civ.R. 15(C). Relation back avoids unnecessary problems caused by statutes of limitations and corrects technical defects caused by misnomer. See *Baker v. McKnight, supra.*

In this case plaintiff was notified on at least three occasions that he had sued the wrong defendant. The first was upon the filing of the first amended answer, and the second was when the second amended answer was served (though not filed). The third was at the close of plaintiff's case-in-chief when defendant moved to dismiss. Plaintiff had more than sufficient time to amend after the first amended answer was filed.[1] Victor Searfoss's appearance and

---

1. Ohio law does not specify a time within which a motion to amend must be filed. At the very least, plaintiff could have moved to amend at any time after the first amended complaint and before resting his case, a four-month period. The record shows that defendant invited such a motion at the close of plaintiff's case-in-chief. Defendant conceded at oral argument that plaintiff could have amended any time before the decision of the court of appeals.

Other jurisdictions have held that if there is no prejudice to other parties, motions to amend may be made at trial, *Davis v. Desch* (1946), 118 Mont. 252, 164 P.2d 1015, *Chandler v. Mastercraft Dental Corp. of Texas, Inc.* (Tex.App.1987), 739 S.W.2d 460; after trial and before judgment, *Fincher v. B & D Air Conditioning & Heating Co.* (Tex.App.1991), 816 S.W.2d 509; after judgment, *Scottsbluff Typewriter Leasing Co. v. Beverly Enterprises–Nebraska, Inc.* (1988), 230 Neb. 699, 432 N.W.2d 844, *Fox v. Sackman* (1979), 22 Wash.App. 707, 591 P.2d 855; and even after an affirmance on appeal, *Cartwright v. Atlas Chemical Industries, Inc.* (Okla.1981), 623 P.2d 606. The timeliness of the motion is defined by the reasonable diligence of the moving party and any prejudice to defendant's ability to defend, and those are questions

vigorous defense in this matter amply demonstrate that he received notice, was not prejudiced and knew the lawsuit should have been brought against him. It would therefore have been within the trial court's discretion to grant a motion to substitute Searfoss's name for "V & M Auto Body," if such a motion had been made. " * * * Although the grant or denial of leave to amend a pleading is discretionary, where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion. * * * " *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 269–270, 297 N.E.2d 113, 122. The same reasoning applies to an amendment to correct a name or substitute the proper party. See, *e.g.*, *Hardesty v. Cabotage* (1982), 1 Ohio St.3d 114, 117, 1 OBR 147, 149, 438 N.E.2d 431, 434.

If a defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void. *Cobble v. Farmer's Bank* (1900), 63 Ohio St. 528, 59 N.E. 221. No action has been commenced pursuant to Civ.R. 3(A), which provides that an action is begun by filing a complaint "if service is obtained within one year from such filing upon a named defendant, *or upon an incorrectly named defendant whose name is later corrected* * * *." (Emphasis added.) See *Kossuth v. Bear* (1954), 161 Ohio St. 378, 53 O.O. 280, 119 N.E.2d 285; *GMS Mgt. Co. v. Axe* (Mun.1982), 5 Ohio Misc.2d 1, 5 OBR 53, 449 N.E.2d 43, and cases cited therein. The only exception to this rule has been when the defendant uses the mistake in an attempt to deceive the other parties and the court. *Boehmke v. Northern Ohio Traction Co.* (1913), 88 Ohio St. 156, 102 N.E. 700.[2] Victor Searfoss, however, did not

---

of law to be determined by the court. *Garay v. The Star Ledger* (1991), 251 N.J.Super. 289, 598 A.2d 22.

In the case at bar, a correction to defendant's name would be not only an amendment pursuant to Civ.R. 15(C), but also an amendment to conform pleadings to the evidence in accordance with Civ.R. 15(B). In the express language of that rule, amendments may be made upon motion "at any time, even after judgment. * * * "

2. At first reading, *State, ex rel. Cleveland Mun. Court, v. Cleveland City Council* (1973), 34 Ohio St.2d 120, 63 O.O.2d 199, 296 N.E.2d 544, also seems to be an exception to this rule. There, neither party appeared to be *sui juris*. In addressing this question, however, this court stated: " * * * [E]xamination of the complaint reveals that this action is proper in that it is brought by the existing judges of the Municipal Court who are public officers clothed with judicial authority.

" * * * Examination of the complaint and counterclaim * * * suffices to convince us that the respondent in fact is the councilmen individually." *Id.* at 121–122, 63 O.O.2d at 200, 296 N.E.2d at 546–547.

attempt to conceal the fact that this lawsuit was brought against a misnamed defendant or that he was the proper party defendant.

The plaintiff has urged that Searfoss's appearance and defense enabled the court to reach the merits of the case, and that amendment of the complaint was an unnecessary technicality. This court has said: "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. * * *" *Peterson v. Teodosio, supra,* 34 Ohio St.2d at 175, 63 O.O.2d at 269, 297 N.E.2d at 122; accord *Baker v. McKnight, supra,* 4 Ohio St.3d at 129, 4 OBR at 374, 447 N.E.2d at 107. The case law illustrates the liberality with which Ohio courts will permit amendments to cure defective pleadings. These holdings do not, however, stand for the proposition that amendments are unnecessary, that where defects appear they may be ignored.

We therefore conclude, as did the court of appeals, that since this lawsuit was brought against a nonentity, it was never properly commenced. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and RESNICK, JJ., concur.

DOUGLAS, J., dissents.