DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Katherine Spanos, appeals the decision of the Akron Municipal Court rendering judgment against her. We reverse.
 I.
Steven Spanos, appellee, operated a sole proprietorship know as Construction Concepts or Spanos Construction. Carter Jones Lumber Company ("Carter Lumber"), appellee, sold Steven Spanos supplies for his business on account. Katherine Spanos, Steven Spanos' mother, cosigned checks written by Steven Spanos for business purposes, purportedly as Steven Spanos' representative.
Two such checks, dated May 5 and 6, 1998, were made out to Carter Lumber in payment for a shipment of supplies. The total amount of the checks was over four thousand dollars. Before Carter Lumber could deposit the checks, payment was stopped on both checks.
On September 16, 1998, Carter Lumber filed a complaint against Steven and Katherine Spanos on the account, and apparently, on the checks. The cause was submitted to the trial court on stipulated facts and affidavits. The trial court entered judgment jointly and severally against Steven and Katherine Spanos on June 30, 2000 in the amount of both checks plus interest. This appeal followed.
 II.
Katherine Spanos asserts three assignments of error. We will address each in turn, consolidating her second and third assignments of error to facilitate review.
 A. First Assignment of Error The trial court erred as a matter of law by concluding that R.C. 1303.42(C) does not apply to agents of sole proprietors.
Katherine Spanos asserts that the trial court erred in finding R.C.1303.42(C) inapplicable herein, and therefore, erred in concluding that Katherine Spanos was liable on the check because the instrument did not unambiguously show that her signature was made in a representative capacity. She asserts that the trial court erred in concluding that R.C. 1303.42(C) does not apply to sole proprietorships. We agree.
We review questions of law de novo. Ohio Bell Tel. Co. v. Pub. Util.Comm. (1992), 64 Ohio St.3d 145, 147.
R.C. 1303.42(C) reads:
 If a representative signs the name of the representative as drawer of a check without indication of the representative status and the check is payable from an account of the represented person who is identified on the check, the signer is not liable on the check if the signature is an authorized signature of the represented person.
In the instant matter, the trial court found this provision inapplicable to sole proprietorships in reliance on the Ohio Supreme Court's decision in Patterson v. VM Auto Body (1992), 63 Ohio St.3d 573,574-75. In Patterson, 63 Ohio St. at 574-75, the Ohio Supreme Court stated that "[a] sole proprietorship has no legal identity separate from that of the individual who owns it." However, although Katherine Spanos may not be the agent of the sole proprietorship alone, as it has no legal identity, she may be the agent of Steven for his identity and that of the sole proprietorship are one and the same. See Morgan Wightman SupplyCo. v. Smith (Mo.App. 1989), 764 S.W.2d 485, 492.
It is unclear whether Katherine Spanos was found by the trial court to be an agent of Steven and his sole proprietorship. The check, while apparently drawn on the account of "SPANOS CONSTRUCTION," as this is printed in the upper left-hand corner of the check, bears the signatures of Katherine Spanos and, apparently, Steven in the lower right-hand corner of the check without further indication of their respective capacities. Further, in her affidavit, she states that she "[has] never been employed by my son Steven Spanos," indicating that she was not an agent or representative, while at other points in her affidavit she refers to herself as a "co-sign[er]" and "representative of Steven Spanos[.]" Hence, it is unclear whether she was signing as, inter alia, an agent or representative, a maker, or an accommodating party. SeeFed. Land Bank of Louisville v. Taggart (1987), 31 Ohio St.3d 8, 10
("[Appellee's] signature on the note is located on the next line under the two signatures of the [borrowers on a promissory note]. Without more, it could be reasonably argued that [appellee] signed such either as a co-maker, or as an accommodation maker.") Accordingly, we sustain Katherine Spanos' first assignment of error.
 B. Second Assignment of Error The trial court erred as a matter of law by concluding that Defendant Katherine Spanos was liable on an account even though she never contracted for the account.
 Third Assignment of Error The trial court decision that Defendant Katherine Spanos is jointly and severally liable on this account is against the manifest weight of the evidence.
Katherine Spanos avers that the trial court erred in finding her liable on the account Steven had with Carter Lumber as a matter of law because,inter alia, she never contracted with Carter Lumber, and hence, was not in privity of contract with Carter Lumber. Further, she asserts that the trial court's decision was against the manifest weight of the evidence. We find these arguments unripe and moot due to our resolution of Katherine Spanos' first assignment of error.
The trial court based its determination on the conclusion that R.C.1303.42(C) does not apply. Accordingly, it appears to have concluded that Katherine Spanos was liable due to her signature on the check because her signature "[did] not show unambiguously that the signature [was] made in a representative capacity[.]" R.C. 1303.42(B)(2). It did not reach the considerations addressed in Katherine Spanos' second and third assignments of error. Hence, these issues are not ripe for our review. Further, the trial court's determination as to whether Katherine Spanos was a representative or agent of Steven and his sole proprietorship may render these arguments moot. Hence, we conclude that Katherine Spanos' remaining assignments of error are unripe and moot at this time, and accordingly, decline to address them herein. App.R. 12(A)(1)(c).
 III.
Katherine Spanos' first assignment of error is sustained. Her remaining assignments of error are unripe and rendered moot by our disposition of her first assignment of error. The judgment of the Akron Municipal Court, in so far as it pertains to Katherine Spanos, is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
WHITMORE, J., CONCURS