{¶ 15} I respectfully dissent from the majority's conclusion that appellant has waived his challenge to appellee's legal existence. I would find that the judgment is void and vacate the trial court's decision.
 {¶ 16} Civ.R. 9(A) provides as follows:
"It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." (Emphasis added.)
From this rule, the majority determines that appellant waived any challenge to appellee's legal existence by failing to assert such a defense in his answer. I disagree.
 {¶ 17} In support of its conclusion, the majority relies uponState ex rel. Downs v. Panioto, 107 Ohio St.3d 347,2006-Ohio-8. I believe, however, that the majority fails to acknowledge the distinctions between the legal questions presented in Panioto and the legal questions presented herein. First, Civ.R. 9(A) is written in the disjunctive; thus recognizing that legal capacity and legal existence are distinct legal constructs. Panioto dealt with a party's legal capacity to bring and maintain an action. Id. at ¶ 30. Following a finding that the appellant in Panioto had waived any challenge to the appellee's legal capacity, the Court makes a finding essential to resolving the instant matter.
"In addition, there are circumstances in which an incompetent person can maintain an action[.]" Id. at ¶ 31.
Such is not the case in claims that a party does not legally exist. That is, a nonentity may never maintain an action.
 {¶ 18} As this case deals with legal existence, I would find that the Ohio Supreme Court's case law on such a topic is analogous and persuasive. "[I]f a defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void." Patterson v. VM Auto Body (1992),63 Ohio St.3d 573, 574-575. "A sole proprietorship has no legal identity separate from that of the individual who owns it." Id. at 576, citing Cobble v. Farmer's Bank (1900), 63 Ohio St. 528. Accordingly, the proper plaintiff in this action would have been Richard L. Boyer, dba RLB Engineering. In fact, in its brief, appellee identifies itself in just such a manner.
 {¶ 19} In contrast to Patterson, the majority would find that such judgments are only voidable, ignoring precedent. I can think of no rationale to treat a non-existent plaintiff differently than a non-existent defendant.[1] In fact, a stronger case is presented here for finding that the trial court's judgment is void. In the instant matter, it was the plaintiff that filed suit under a fictitious name, never identifying the real party in interest, its owner.
 {¶ 20} As noted in Patterson, while amending the complaint to name the proper party may have only been a technicality, prior case law liberally interpreting the civil rules does not "stand for the proposition that amendments are unnecessary, that where defects appear they may be ignored." Patterson,63 Ohio St.3d at 577. As it is clear from appellee's brief that RLB Engineering does not legally exist as a separate entity, any judgment in its favor is necessarily void. On that basis, I would vacate the trial court's decision.
[1] Further, this approach would lead to grossly inequitable results. If appellant had succeeded on his counterclaim, this Court would have no choice but to find the judgment void because the "defendant" is not a legal entity, while addressing any claims raised by appellee on its claim because it was the "plaintiff" in the action below.