[Cite as *Yurina v. Wiser Oil Co.*, 2013-Ohio-4004.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| JOSEPH F. YURINA III, ET AL | : | JUDGES: |
|  | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiffs-Appellees | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13 CA 13 |
| THE WISER OIL COMPANY | : |  |
|  | : |  |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil appeal from the Guernsey County
Court of Common Pleas, Case No.
12OG000189

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    September 16, 2013

APPEARANCES:

For Plaintiffs-Appellees    For Defendants-Appellants

SCOTT EICKELBERGER    LYLE BROWN
RYAN LINN    41 South High Street, Ste 2200
DAVID TARBERT    Columbus, OH  43215
WILLIAM TAYLOR
50 North Fourth Street
Box 1030
Zanesville, OH 43702-1030

*Gwin, P.J.*

{¶1} Defendant-appellants Forest Oil Corporation ["Forest"] and The Wiser Oil Company ["Wiser"] appeal the judgments of the Guernsey County Court of Common Pleas granting default judgments in favor of plaintiff-appellee's Joseph F. Yurina III and Anthony M. Yurina, co-trustees of the Yurina Family Trust dated July 18, 1990 ["Appellee"] and denying their motions for relief from judgment, for leave to file answers instanter and for reconsideration.

*Facts and Procedural History*

{¶2} Appellees initiated this litigation by filing a Complaint to quiet title and to forfeit a portion of an oil and gas lease with the Court of Common Pleas, Guernsey County, Ohio on April 13, 2012.

{¶3} The Appellees predecessors in title Joseph Yurina, Jr. and Anna Yurina had executed the oil and gas lease in question. The original lessee was Wiser. The lease was dated June 22, 1967 and filed for record in the Guernsey County, Ohio, Lease Records, Volume 55, Page 757.

{¶4} By an instrument titled Partial Assignment, Bill of Sale, and Agreement dated April 10, 1990 Wiser assigned its interest in the lease to Defendant Oxford Oil Company.[1] This Assignment was recorded at Guernsey County, Ohio, Official Records, Volume 3, Page 432. Oxford filed its Answer to the Complaint on April 25, 2012.

{¶5} Under the terms of the assignment of the lease, Wiser reserved to "itself all rights below 100 feet to the base of the Clinton sand horizon and the right to produce

---

[1] Defendant Oxford Oil Company filed its Answer to the Complaint on April 25, 2012. They are not a party to this appeal.

oil and gas from these sands..." There has never been any oil or gas produced from the formations that Wiser reserved to itself.

{¶6} Forest acquired The Wiser Oil Company in 2004 by purchasing all issued and outstanding capital stock. Wiser subsequently was merged into Forest effective in November 2005. As of November 2005, Forest and Wiser effectively and legally were one entity.

{¶7} Forest was served by certified mail on April 20, 2012. Appellees filed a Motion for Default Judgment against Forest on June 8, 2012. The Trial Court entered default judgment against Forest on July 12, 2012. Wiser was served by publication. Appellees filed a Motion for Default Judgment against Wiser on September 13, 2012. On October 24, 2012, Forest and Wiser filed their Motion for Relief from Judgment and for Leave to File Answer.

{¶8} Forest and Wiser attached to their motion for relief from judgment the affidavit of Cristin C. Bracken who was Senior Counsel for Litigation for Forest. In her affidavit, Ms. Braken stated, "based upon the belief that Forest did not have an ownership interest in the subject lease for real property, the Forest legal department subsequently decided that Forest would not enter an appearance in the Litigation." Furthermore, in an email attached to attorney Bracken's affidavit, attorney Bracken advised senior level land managers in the Forest land department "I can just default on this petition and a judgment will be issued terminating the lease (which is the cheapest course for FOC), if we don't care about this property – or even have a record of any Wiser ownership of it..."

{¶9} The Trial Court entered a judgment denying the Motion for Relief on January 15, 2013. The Trial Court also entered a default judgment against Wiser on January 15, 2013. Forest and Wiser filed a "Motion for Reconsideration or, in the Alternative, to Amend Judgment Entries to Permit Immediate Appeal," on February 13, 2013.

{¶10} On March 18, 2013, the Trial Court denied the Motion for Reconsideration in part, specifically with respect to the arguments addressing the Motion for Relief. However, the Trial Court granted Forest and Wiser's request for the issuance of final appealable orders. On March 18, 2013, the Trial Court issued the Forest Default Judgment Entry, the Wiser Default Judgment Entry, the Entry Denying Motion for Relief, and the Entry Denying Reconsideration.

*Assignments of Error*

{¶11} Forest and Wiser raise four assignments of error,

{¶12} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING FOREST OIL CORPORATION'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE. (FOREST DEFAULT JUDGMENT ENTRY; ENTRY DENYING MOTION FOR RELIEF; ENTRY DENYING RECONSIDERATION.)

{¶13} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ENTERING DEFAULT JUDGMENT AGAINST THE WISER OIL COMPANY. (WISER DEFAULT JUDGMENT ENTRY; ENTRY DENYING MOTION FOR RELIEF.)

{¶14} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING THE MOTION OF FOREST OIL CORPORATION AND THE WISER OIL

COMPANY FOR LEAVE TO FILE *INSTANTER* THEIR ANSWER TO PLAINTIFFS-APPELLEES' COMPLAINT PURSUANT TO RULE 6(B) OF THE OHIO RULES OF CIVIL PROCEDURE. (WISER DEFAULT JUDGMENT ENTRY; ENTRY DENYING MOTION FOR RELIEF; ENTRY DENYING RECONSIDERATION.)

**{¶15}** "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING THE MOTION OF FOREST OIL CORPORATION AND THE WISER OIL COMPANY FOR RECONSIDERATION OF: (A) THE TRIAL COURT'S NON-FINAL DEFAULT JUDGMENT ENTRY AS TO FOREST (FILED JULY 12, 2012); (B) THE TRIAL COURT'S NON-FINAL DEFAULT JUDGMENT ENTRY AS TO WISER (FILED JANUARY 15, 2013); AND (C) THE TRIAL COURT'S NON-FINAL ENTRY (FILED JANUARY 15, 2013) DENYING FOREST'S MOTION FOR RELIEF FROM JUDGMENT (FILED OCTOBER 24, 2012), DENYING FOREST AND WISER'S MOTION FOR LEAVE TO FILE ANSWER INSTANTER (FILED OCTOBER 24, 2012), AND GRANTING PLAINTIFFS-APPELLEES' MOTION FOR DEFAULT JUDGMENT AGAINST WISER (FILED SEPTEMBER 13, 2012). (ENTRY DENYING RECONSIDERATION.)"

I, II, III & IV

**{¶16}** Although Forest and Wiser purport to present four separate and distinct assignments of error, their argument for each is combined[2]. The crux of this appeal is whether the trial court abused its discretion in finding that Forest and Wiser failed to establish excusable neglect so as to be relieved from the default judgments entered against each of them.

---

[2] See, App.R.16 (A)(7); App. R. 12(A)(2).

**{¶17}** When the defendant to an action fails to plead or otherwise defend the action, default judgment may be granted pursuant to Civ.R. 55(A). *Davis v. Immediate Medical Services, Inc.*, 80 Ohio St.3d 10, 14, 684 N.E.2d 292 (1997). However, a defendant may seek relief from default judgment pursuant to Civ.R. 60(B). The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in *GTE Automatic Elec., Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113(1976). The court stated:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *Id.* at paragraph two of the syllabus.

**{¶18}** The decision of whether to vacate a judgment rests within the trial court's discretion and will not be reversed absent an abuse of discretion. *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12, 371 N.E.2d 214(1978). An abuse of discretion is more than simply an error of law, but rather implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140(1983).

**{¶19}** In denying the motion for relief from judgment the trial court stated,

> The Court finds that Wiser was properly served with the Complaint in accordance with the Ohio Rules of Civil Procedure. In addition, the

Court finds that by Defendants' own admission Forest and Wiser are and have been merged since 2005 and therefore Wiser would have been put on notice of the Complaint at the same time as Forest and Forest could have filed Answer for Wiser,

The Court finds that pursuant to Civil Rule 60(B), a Court may relieve a party from judgment for excusable neglect. However, here, the Court finds that Forest's actions were not excusable neglect. There was not a disconnect or breakdown in employee protocol. Forest was noticed in the Complaint of a possible interest in an oil and gas lease and was directed to the exact Volume and Page where it could be found, which is filed for record at Guernsey County, Ohio, Lease Records, Volume 55, Page 757. Defendant then attached a copy of the oil and gas lease to their proposed Answer Instanter. After reviewing the pleadings, the Court finds that Forest had notice and made a decision to default for Forest and Wiser. Therefore, Defendants cannot use Civil Rule 60(B) as a backdoor as the Court finds there was no excusable neglect.

{¶20} The Ohio Supreme Court has yet to develop a definitive definition of excusable neglect. However, it has described it in the negative stating, "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102(1996), quoting *GTE Automatic Elec., Inc.,* 47 Ohio St.2d at 153, 351 N.E.2d 113. The court has further explained:

A trial court does not abuse its discretion in overruling a Civ.R. 60(B)(1) motion for relief from a default judgment on the grounds of excusable neglect, if it is evident from all of the facts and circumstances in the case that the conduct of the defendant, combined with the conduct of those persons whose conduct is imputable to the defendant, exhibited a disregard for the judicial system and the rights of the plaintiff.

*Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 78, 514 N.E.2d 1122(1987), syllabus.

**{¶21}** Additionally, this court has noted, "[a] denial of a Civ.R. 60(B) motion serves justice when there has been an intentional disregard for the legal process and a lack of good faith by the neglectful party." *Kebler v. Prudential Property & Cas. Ins. Co.,* 5th Dist. Muskingum No. CT2002-0036, 2003-Ohio-2145, ¶ 49.

**{¶22}** Forest and Wiser argue that it has a protocol in place for evaluating and responding to service of process. Once the Complaint was served upon the company, in-house counsel Cristin Bracken took immediate steps to inquire as to whether Forest had a possible ownership interest in the Lease. Forest had inherited over 1,300 leases throughout the United States and Canada through the Wiser acquisition. Ms. Bracken was unaware that Forest had acquired any oil and gas lease interests in Ohio, whether through the Wiser acquisition or otherwise. She therefore enlisted the assistance of employees in Forest's Eastern Business Unit, Land Group, to research possible ownership in the Lease.

**{¶23}** Land technician Judi Dayton performed a quick, preliminary search of the computerized database and identified thirteen (13) leases in Ohio, but did not look at information specific to any particular lease. Based upon information she found in the

database, Ms. Dayton believed that Wiser did not have a working interest in the land subject to the lease. Forest and Wise argue that a simple "disconnect" occurred because Ms. Bracken understood *(i.e.,* that Wiser had no interest in the *Lease),* and what Ms. Dayton meant to convey and herself understood *(i.e.,* that Wiser did not have a working interest in *a particular well).* The investigation undertaken by the Forest employees did not result in complete information being conveyed to the company's decision makers. The decision not to respond to the Complaint was made based upon the impression that Forest did not have a current interest in the Lease.

**{¶24}** The trial court did not abuse its discretion in finding that excusable neglect did not exist in this case. Forest and Wiser made a conscious decision not to enter and appearance or file an answer in the case after having been made aware that it may have an interest in the lease and/or the property that was subject to the lease.

**{¶25}** In the case at bar, we agree with the trial court that the documents served upon Forest and Wiser clearly identified that a lawsuit had been commenced, as well as the property and the lease that were the subject of the lawsuit. According to Forest and Wiser's own admission, they failed to properly research their interest. To allow a corporation to set aside a default judgment because the appropriate individuals claim they did not correctly research the issue in accordance with approved corporate procedure, even though the evidence demonstrates clearly the language of the documents received indicate a formal legal proceeding had been commenced in a court of law concerning a lease of record would be to render every corporate mistake excusable and Civ.R. 60(B) meaningless.

**{¶26}** Therefore, we find that the trial court did not abuse its discretion in finding that Wiser and Forest failed in their burden to demonstrate excusable neglect justifying relief from judgment.

**{¶27}** It is well settled that the decision to grant leave to plead is well within the discretion of the trial court. *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 589 N.E.2d 1366 (1992). Additionally, because the trial court did not abuse its discretion in finding that Wiser and Forest failed in their burden to demonstrate excusable neglect justifying relief from judgment, the trial court did not abuse its discretion in denying Forest and Wiser leave to file their answer instanter. To hold otherwise would be to circumvent the requirements for relief from judgment set forth in Civ.R.60 (B).

**{¶28}** The Supreme Court of Ohio has held that a request for reconsideration of a final judgment at the trial court level is a nullity, as is any judgment or final order resulting from such a motion. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713, 715(1988)**,** citing *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 381, 423 N.E.2d 1105(1981). Accordingly, the trial court did not err in denying Forest and Wiser's motion for reconsideration.

**{¶29}** Forest and Wiser's four assignments of error are overruled in their entirety and the judgment of the Guernsey County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. PATRICIA A. DELANEY

WSG:clw 0904

[Cite as *Yurina v. Wiser Oil Co.*, 2013-Ohio-4004.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOSEPH F. YURINA III, ET AL | : | |
| | : | |
| Plaintiffs-Appellees | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| THE WISER OIL COMPANY | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 13 CA 13 |

For the reasons stated in our accompanying Memorandum-Opinion, judgment of the Guernsey County Court of Common Pleas is affirmed. Costs to appellants.

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. PATRICIA A. DELANEY