[Cite as *Estate of Fleenor v. Ottawa Cty.*, 2024-Ohio-112.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Estate of Jennings Fleenor

    Appellant

v.

County of Ottawa, d/b/a Ottawa
County Riverview Nursing Home

    Appellee

Court of Appeals No.  OT-23-011

Trial Court No.  2018 CV 0238

**DECISION AND JUDGMENT**

Decided:  January 12, 2024

* * * * *

William B. Eadie and Madeleine M. Skora, for appellant.

Teresa L. Grigsby and Jennifer A. McHugh, for appellee.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, the Estate of Jennings Fleenor, appeals from the March 13, 2023 judgment of the Ottawa County Court of Common Pleas dismissing the case for failure to commence the action by service upon a proper defendant within one year after its filing. For the reasons that follow, the trial court's judgment is affirmed.

**Statement of the Case and the Facts**

{¶ 2} On June 20, 2018, appellant filed an action against appellee, the County of Ottawa d/b/a Ottawa County Riverview Nursing Home ("the County"), alleging negligence, wrongful death, and violations of R.C. 3721.13, Ohio Nursing Home Patients' Bill of Rights. Service was made on "County of Ottawa (Riverview Nursing Home)" and was accepted by nursing-home administrator K. German.

{¶ 3} The County filed an answer denying liability and asserting as an affirmative defense that "[t]he Defendant is not sui juris." The answer identified the County's attorneys as "Attorneys for Defendant County of Ottawa, d/b/a/ Ottawa County Riverview Nursing Home."

{¶ 4} On March 31, 2020, the County moved for summary judgment on all of the estate's claims and asserted a motion to dismiss as an additional ground for judgment in its favor. One of its arguments was that the County could not be sued by naming "Ottawa County" as the defendant, because an unchartered county is not sui juris. The County alleged that it could be sued only by naming its board of commissioners as the defendant. In its brief in opposition to the motion for summary judgment, filed on April 30, 2020, the estate asserted that amending the complaint was not necessary. Nevertheless, it asked the court (in the brief) to allow the estate to amend its complaint under Civ.R. 15 to name the board of commissioners as the defendant.

2.

**{¶ 5}** The trial court granted the County's motion for summary judgment on grounds unrelated to the sui juris issue, and the estate appealed to this court, also on matters unrelated to sui juris. The County asserted in its appellate brief as an additional reason for affirming the trial court's judgment that Ottawa County is not sui juris, that the estate had never formally moved to amend the complaint, and that the estate's informal request to amend its complaint was "improper, untimely, and unfairly prejudicial."

**{¶ 6}** This court reversed the trial court's order of summary judgment and rejected the County's sui juris argument. The County appealed to the Supreme Court of Ohio, which accepted jurisdiction on a single proposition of Law: "Counties and their agencies and departments are not sui juris, and can only be sued through the county board of commissioners." *See Estate of Fleenor v. Ottawa* County, 170 Ohio St.3d 38, 2022-Ohio-3851, 208 N.E.3d 783, ¶ 7. The court held that "because it is unchartered, Ottawa County is not sui juris and therefore must be sued in the name of its board of commissioners." *Id.* at ¶ 1. The court additionally stated:

> [W]e believe it best to allow the trial court to address the impact of that determination on this case in the first instance. We therefore reverse the portion of the Sixth District Court of Appeals' judgment addressing the sui juris issue and remand the case to the trial court for it to determine whether to allow an amendment of the complaint or to dismiss the case.

*Id.*

3.

**{¶ 7}** On remand, the trial court, in a judgment entry dated March 13, 2023, denied the previously-filed motion for leave to file an amended complaint that was brought by the estate and granted the previously-filed motion to dismiss that was brought by the County, reasoning as follows:

> Without question, Plaintiff obtained service upon the defendant it named "County of Ottawa d/b/a Ottawa County Riverview Nursing Home" within one year of filing the action as required by Civ.R. 3(A). Defendant points out that did not constitute commencement of the action under Civ.R. 3(A) however because the Defendant that was served – County of Ottawa etc. – was not sui juris. In *Patterson v. V&M Auto Body* (1992), 63 Ohio St.3d 573, the Supreme Court established that commencement of an action under Civ.R. 3(A) requires service upon an entity that is sui juris. If the Defendant served by Plaintiff Estate was sui juris and simply misnamed, Civ.R. 3(A) would recognize the service and permit relation back of the action's commencement upon the entity once it is correctly named using Civ.R. 15(C). *See, e.g., Cecil v. Cottrill*, 67 Ohio St.3d 367 (1993). Defendant's original answer to Plaintiff's complaint stated as an affirmative defense that it was not sui juris. This put Plaintiff on notice early in the litigation with ample time remaining to the one-year period after filing the

4.

action to either add the proper entity to the existing action or refile the action against the proper entity.

Plaintiff having failed to commence its action by service upon a proper defendant within one year after its filing, the action must be dismissed; Plaintiff cannot correct the problem at this time by amending its pleadings to add a defendant capable of being sued.

The estate timely appealed from this decision.

## Assignments of Error

{¶ 8} The estate asserts the following assignments of error on appeal:

I. The Trial Court abused its discretion in Denying the Motion for Leave to Amend and granting the Motion to Dismiss on sui juris and failure of service grounds.

II. The Trial Court abused its discretion by ordering "Plaintiff need pursue no discovery" relating to the Board being served with the Complaint and its knowledge of and participation in the lawsuit.

## Analysis

{¶ 9} The estate claims in its first assignment of error that the trial court abused its discretion in denying the estate's motion for leave to amend and in granting the County's motion to dismiss on sui juris and failure of service grounds.  Specifically, the estate asserts that following the Ohio Supreme Court's express instruction to the trial court to

"determine" whether to "allow an amendment" in this case, the trial court abused its discretion in failing to consider certain factors set forth at Civ.R. 15(C). The estate further argues that had the trial court considered those factors, "given the [Ottawa County Board of Commissioners'] active participation in the litigation," it would have been an abuse of discretion to deny the estate leave to amend.

{¶ 10} The County disputes this analysis, arguing, instead, that the language of Civ.R. 15 makes compliance with Civ.R. 3(A)'s requirements for commencing the action within one year a "mandatory pre-condition," and that because the trial court concluded that the mandatory pre-condition had not been satisfied, this court, like the trial court, does not reach a Civ.R. 15 analysis. We agree with the County on this point.

{¶ 11} Civ.R. 3(A), which addresses the commencement of an action, states:

A civil action is commenced by filing a complaint with the court, if service

is obtained within one year from such filing upon a named defendant, or

upon an incorrectly named defendant whose name is later corrected

pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious

name whose name is later corrected pursuant to Civ.R. 15(D).

{¶ 12} Civ.R. 15 provides for amended and supplemental pleadings. Under Civ.R. 15(C), an amendment changing a party may relate back to the filing date of the original complaint for purposes of applying the statute of limitations. That rule states:

6.

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

{¶ 13} The Supreme Court of Ohio has construed the language "within the period provided by law for commencing the action" in Civ.R. 15(C) to refer to the one-year time period that is allowed for effectuating service of a party under Civ.R. 3(A). *See Cecil v. Cottrill*, 67 Ohio St.3d 367, 371, 618 N.E.2d 133 (1993). "Thus, in order for an amended complaint to relate back to an initially filed complaint, the action must be properly and timely commenced pursuant to Civ.R. 3(A), which requires service of process within one year, and the requirements of 15(C), which requires actual notice to the proper party within one year, must also be met." *Mollette v. Portsmouth City Council*, 179 Ohio App.3d 455, 902 N.E.2d 515, 2008-Ohio-6342, ¶ 38 (4th Dist.).

7.

{¶ 14} In the current case, the Ohio Supreme Court resolved that the County is not sui juris -- i.e., it is not capable of being sued. "It is well established that both plaintiff and defendant in a lawsuit must be legal entities with the capacity to be sued." *Patterson v. V&M Auto* Body, 63 Ohio St.3d 573, 589 N.E.2d 1306 (1992). In *Patterson*, the court concluded that since the lawsuit was brought against an entity that did not have the capacity to be sued, the action was never properly commenced. *Id.* at 577. The court explained that had the plaintiff filed a motion to substitute the name of the proper party, to correct the name, or to substitute the proper party -- something the plaintiff had "more than sufficient time" to do -- the outcome of the case may well have been different. *Id.* at 576. The court also confirmed that even where the case was actively defended by a defendant lacking capacity to be sued, amendment of the complaint was not merely "an unnecessary technicality." *Id.* at 575-577.

{¶ 15} Because the estate failed to name a defendant with the capacity to be sued, its only route to satisfy the commencement requirement was to file a motion for leave to amend, and then, within the one-year commencement period set forth in Civ.R. 3(A), to file an amended complaint naming the Ottawa County Board of Commissioners. *See Mollette* at ¶ 42 (action was never commenced where the plaintiffs' complaint named an entity that did not have the capacity to be sued and where the plaintiffs failed to serve the complaint on a party with the capacity to be sued within one year of the filing of the complaint); *see also, Baker v. McKnight*, 4 Ohio St.3d 125, 477 N.E.2d 104 (1983)

8.

(holding that plaintiff was required to serve the proper party -- i.e., the party that had the capacity to be sued -- within the one-year limitation period of Civ.R. 3(A) in order for the action to be deemed timely commenced); *Korn v. Mackey*, 2d Dist. Montgomery No. 20727, 2005-Ohio-2768, ¶ 14 (in order to commence the action under Civ.R. 3(A), the plaintiff had one year from the filing of the complaint to substitute the estate of the decedent for the deceased party); *McAbee v. Merryman*, 7th Dist. Jefferson No. 13 JE 3, 2013-Ohio-5291, ¶ 18-19 (amended complaint substituting the estate for the decedent must be served on the personal representative within one year after the original complaint was filed)); *compare Cecil* at 371 (holding that the original complaint -- filed against a party that *did* have the capacity to be sued -- commenced the action notwithstanding the fact that the plaintiff failed to serve the proper party within the one-year period provided by Civ.R. 3(A)).

{¶ 16} In this case, the estate did not file its motion to amend in the trial court until nearly a year after the one-year period for effectuating service had elapsed. Because the estate did not commence its action against a party with the capacity to be sued within the one-year provided by Civ.R. 3(A), the amendment could not relate back for purposes of the statute of limitations. Therefore, the trial court did not err in denying the estate's motion for leave to amend and in granting the County's motion to dismiss the action.

{¶ 17} In rendering this decision, we disagree with the estate's suggestion it merely "misidentified" or "used the wrong name to identify" the defendant. The estate

9.

was not mistaken about the name of the party to be sued; rather, it was mistaken about its ability to sue the County. We find it significant in this case that the estate was put on notice of the sui juris defense very early on in the proceedings -- namely, in the County's answer to the estate's complaint. Therefore, the estate had more than sufficient time to amend the complaint to bring in the board of commissioners as the proper defendant. Because the estate's failure had nothing to do any with any act or omission on the part of the County or the court, we do not find it unfair that the estate must now face the consequences of its own inaction.

{¶ 18} We further disagree with the estate's contention that the Supreme Court's instruction to the trial court to "determine whether to allow an amendment of the complaint or to dismiss the action" compelled the trial court's consideration of Civ.R. 15 factors. In disallowing the requested amendment (and in dismissing the action) on the grounds that the estate failed to commence its action pursuant to Civ.R. 3, the trial court acted in conformity with the instruction from the higher court.

{¶ 19} We likewise disagree with the estate's suggestion that the trial court abused its discretion in granting dismissal and in denying leave to amend, because the County never raised the affirmative defense of failure of service. As stated by the County, this case is not about insufficient service. The wrongly-named party, Ottawa County, has never argued that a summons was not issued and served upon it; rather, it has argued that the entity to whom the summons was issued was not capable of being sued. The

10.

appropriate affirmative defense for the County is that it is not sui juris, not that service of process has failed. That defense was preserved, and it put the estate on notice that the estate had failed to serve a suable entity, and that the party it did serve was not one against which a suit could proceed and a judgment be taken.

{¶ 20} Finally, in answer to the estate's argument that this case should be decided on substantive, rather than procedural, grounds, we echo the words of the Supreme Court of Ohio, in *Saunders v. Choi*, 12 Ohio St.3d 247, 466 N.E.2d 889 (1984):

> Among other things, the purpose of Civ.R. 3(A) is designed to promote the prompt and orderly resolution of litigation, as well as eliminating the unnecessary clogging of court dockets caused by undue delay. The rule puts litigants on notice that a reasonable time will be afforded in order to obtain service of process over defendants. Such a rule goes to the essence of civil procedure and is not, in our view, a mere technicality designed to deny parties their day in court.
>
> As in the instant case, a plaintiff is the master of his or her cause of action. The failure of a plaintiff to comply with rules promulgated under our uniform modes of procedure should not compel this court to carve out a limited exception in order to grant such a litigant another opportunity to do that which he failed to do in the first place.

*Id.* at 250.

{¶ 21} For the foregoing reasons, the estate's first assignment of error is found not well-taken.

{¶ 22} The estate argues in its second assignment of error that the trial court abused its discretion by ordering "Plaintiff need pursue no discovery" relating to the Ottawa County Board of Commissioners being served with the complaint and to the board's knowledge of and participation in the lawsuit. The County properly argues that a finding in its favor on the first assignment of error renders the second assignment of error moot. The County is also correct in its assertion that the estate has waived any appeal or argument regarding its second assignment of error, because the notice of appeal neither designates nor attaches the March 4, 2023 order that disallowed further discovery. Accordingly, the estate's second assignment of error is found not well-taken.

## Conclusion

{¶ 23} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Estate of Jennings Fleenor
v. County of Ottawa,
d/b/a Ottawa County
Riverview Nursing Home
OT-23-011

Thomas J. Osowik, J.

Gene A. Zmuda, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.