[Cite as *Massa v. Westfield*, 2014-Ohio-2805.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT MASSA, | : | APPEAL NO. C-130639 |
| | | TRIAL NO. A-1207242 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| WESTFIELD GROUP, | : | |
| | | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 27, 2014

*Lindhorst & Dreidame Co., LPA, Jay R. Langenbahn* and *Thomas J. Blatz, Jr.,* for Plaintiff-Appellant,

*McCaslin, Imbus & McCaslin, Thomas J. Gruber* and *Michael P. Cussen*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT**, **Presiding Judge.**

{¶1} Plaintiff-appellant Robert Massa appeals from the trial court's judgment granting summary judgment in favor of defendant-appellee Westfield Group ("Westfield"). For the following reasons, we affirm.

{¶2} Massa was injured in an automobile accident while he was a passenger in a car driven by his son-in-law, Peter Hammer. The accident was caused by another driver, Eric Rozier. Rozier's insurance paid Massa the limits of Rozier's policy. Rozier's policy limit of $100,000, however, did not fully compensate Massa for his injuries. Massa therefore was awarded underinsured motorist ("UIM") coverage through his own insurance policy. Believing that he still had not been fully compensated for his injuries, Massa then sued Hammer's insurance company, Westfield, seeking to recover UIM coverage under Hammer's automobile and umbrella insurance policies. Westfield moved for summary judgment on the ground that Massa did not meet the definition of an "insured" and was therefore not entitled to coverage. The trial court granted Westfield's motion and entered judgment in its favor. This appeal followed. In one assignment of error, Massa argues that the trial court erred in its interpretation of the Westfield policy.

{¶3} Our review of summary judgment is de novo. *Brown v. Lincoln Hts.*, 195 Ohio App.3d 149, 2011-Ohio-3551, 958 N.E.2d 1280, ¶ 7 (1st Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶4}     In pertinent part, the Westfield automobile policy defines "insured" as "[a]ny other person occupying your covered auto who is not a named insured or insured family member for underinsured motorist coverage under another policy." Westfield's umbrella policy provides that umbrella coverage as it pertains to UIM is excluded unless the underlying automobile insurance affords UIM coverage.

{¶5}     Here, it is undisputed that Massa does not meet the definition of "family member" under the Westfield policy. Massa argues that, applying the last antecedent rule of construction, the phrase "for underinsured motorist coverage under another policy" only modifies "family member." Since he is not a family member, Massa argues, the Westfield policy should be construed to include UIM coverage for him even though he had UIM coverage through his own insurance policy. Interpreting the exact same language, and analyzing the language using the exact argument that Massa now advances, the Ohio Supreme Court in *Wohl v. Slattery*, 118 Ohio St.3d 277, 2008-Ohio-2334, 888 N.E.2d 1062, held otherwise. In *Wohl*, the court determined that, viewing the insurance policy as a whole, the definition of "insured" at issue was unambiguous and narrowly defined, and that therefore the last antecedent rule did not apply. *Id.* at ¶ 23. The court determined that "for underinsured motorist coverage under another policy" modified both "family member" and a "named insured."

{¶6}     Likewise, in this case, and viewing the policy as whole, it is evident that the definition of "insured" for purposes of UIM coverage is unambiguous and narrowly defined. The last antecedent rule does not apply. Massa does not meet the definition of "insured" because he was a named insured in another insurance policy that provided UIM coverage.

3

{¶7}   Because there are no issues of material fact, and because Westfield was entitled to judgment as a matter of law under *Wohl*, Massa's sole assignment of error is overruled.  The trial court's judgment is affirmed.

Judgment affirmed.

**HENDON** and **DEWINE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.