[Cite as *Clemons v. Cardington*, 2022-Ohio-513.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JOYCE CLEMONS | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2021 CA 0008 |
| VILLAGE OF CARDINGTON, et al. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:  Civil Appeal from the Court of Common
              Pleas, Case No.  2019 CV 0020


JUDGMENT:         Affirmed


DATE OF JUDGMENT ENTRY:   February 18, 2022


APPEARANCES:

For Appellant         For Appellee

MICHAEL J. VALENTINE     SCOTT C. WALKER
MELVIN J. DAVIS        COLIN R. BEACH
REMINGER CO., LPA      WALKER NOVACK LEGAL GROUP, LLC
200 Civic Center Drive, Suite 800  5013 Pine Creek Drive
Columbus, Ohio  43215     Westerville, Ohio  43081

*Wise, J.*

**{¶1}** Defendant-Appellant, Village of Cardington ("Appellant"), appeals from the June 7, 2021, Judgment Entry by the Morrow County Court of Common Pleas. Appellee is Joyce Clemons. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 20, 2019, Appellee filed a Complaint alleging while attending a festival in the Village of Cardington she fell while stepping on a catch basin set within crumbling street pavement. As an exception to immunity, Appellee argued R.C. 2744.02(B)(3) applies, which imposes liability for a political subdivisions' negligent failure to keep public roads in repair.

**{¶3}** On January 25, 2021, Appellant moved for summary judgment arguing R.C. 2744(B)(3) did not apply because the catch basin was not in the street, but in an area reserved for parking.

**{¶4}** On February 19, 2021, Appellee filed her memorandum opposing summary judgment arguing there was a genuine issue of material fact as to whether or not Appellant was entitled to political subdivision immunity from tort liability.

**{¶5}** On June 7, 2021, the trial court denied Appellant's Motion for Summary Judgment finding an exception to political subdivision immunity under R.C. 2744.02(B)(2), negligence of a political subdivision's employees during the performance of a proprietary function, may apply. The trial court found a genuine issue of material fact exists as to whether or not Appellant sponsored the street fair and subsequent fireworks display. The trial court did not analyze an exception to political subdivision immunity from tort liability pursuant to R.C. 2744(B)(3).

**ASSIGNMENTS OF ERROR**

**{¶6}** Appellant filed a timely notice of appeal and herein raises the following three Assignments of Error:

**{¶7}** "I. THE TRIAL COURT ERRED BY DENYING THE VILLAGE OF CARDINGTON POLITICAL SUBDIVISION IMMUNITY UNDER THE EXCEPTION FOUND UNDER R.C. 2744.02(B)(2) BECAUSE THE VILLAGE OF CARDINGTON WAS NOT ENGAGED IN A PROPRIETARY FUNCTION, NOR WAS IT ALLEGED THAT THEY WERE.

**{¶8}** "II. THE TRIAL COURT ERRED BY FAILING TO CONDUCT AN ANALYSIS OF WHETHER THE EXCEPTION TO IMMUNITY FOUND UNDER R.C. 2744.02(B)(3) WAS APPLICABLE TO THIS CASE.

**{¶9}** "III. THE TRIAL COURT ERRED BY DENYING THE VILLAGE OF CARDINGTON POLITICAL SUBDIVISION IMMUNITY BECAUSE THERE WAS NO EVIDENCE THAT THE VILLAGE OF CARDINGTON WAS NEGLIGENT."

**Standard of Review**

**{¶10}** With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and

viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274 (1977).

**{¶11}** The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶12}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

### I., III.

**{¶13}** In Appellant's First and Third Assignments of Error, Appellant argues Appellee failed to establish a genuine issue of material fact as to whether Appellant is entitled to political subdivision immunity from tort liability. We disagree.

**{¶14}** A three-tiered analysis is required to determine whether a political subdivision is immune from tort liability pursuant to R.C. 2744. *Gattrell v. Utica*, 5th Dist. Licking No.15-CA-26, 2016-Ohio-792, 63 N.E.3d 461, ¶36-37, citing *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-557, 733 N.E.2d 1141 (2000); *Smith*

*v. McBride,* 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶13-15. The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental or a proprietary function. *Greene Cty. Agricultural Society* at 556-557, 733 N.E.2d 1141; R.C. 2744.02(A)(1). That immunity, however, is not absolute. R.C. 2744.02(B); *Cater v. Cleveland,* 83 Ohio St.3d 24, 697 N.E.2d 610 (1998). "The second tier of the analysis requires a court to determine whether any of the five listed exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability." *Greene Cty. Agricultural Society* at 556-557, 733 N.E.2d 1141; R.C. 2744.02(A)(1). The third tier is to determine whether the political subdivision is entitled to a defense or qualified immunity under R.C. 2744.03(A). *Vasquez-Comer v. City of Toledo,* 6th Dist. Lucas No. L-18-1266, 2019-Ohio-5149, ¶9.

## First Tier Analysis

**{¶15}** In this case there is no dispute that Appellant is a political subdivision.

**{¶16}** R.C. 2744.01 defines "proprietary function," to include,

(G)(1) "Proprietary function" means a function of a political subdivision that is specified in division (G)(2) of this section or that satisfies both of the following:

(a) The function is not one described in division (C)(1)(a) or (b) of this section and is not one specified in division (C)(2) of this section;

(b) The function is one that promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons.

(2) A "proprietary function" includes, but is not limited to, the following:

(a) The operation of a hospital by one or more political subdivisions;

(b) The design, construction, reconstruction, renovation, repair, maintenance, and operation of a public cemetery other than a township cemetery;

(c) The establishment, maintenance, and operation of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or other transit company, an airport, and a municipal corporation water supply system;

(d) The maintenance, destruction, operation, and upkeep of a sewer system;

(e) The operation and control of a public stadium, auditorium, civic or social center, exhibition hall, arts and crafts center, band or orchestra, or off-street parking facility.

{¶17} R.C. 2744.01 defines a "governmental function" as "(a) [a] function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement; (b) [a] function that is for the common good of all citizens of the state; [or] (c) [a] function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons."

{¶18} In *Brown v. Lincoln Hts.,* 1st Dist. No. C-100699, 195 Ohio App.3d 149, 2011-Ohio-3551, 958 N.E.2d 1280, ¶20, the First District Court of Appeals held that,

"sponsoring of a festival is not one of the delineated governmental functions." The Court continued,

> [t]he Defendant was not required by the state as a sovereign to sponsor a festival. And the act of sponsoring the festival was not done for the common good of all citizens of Ohio. Rather, it was performed for the particular benefit of the village and its current and past inhabitants. Last, although the sponsorship of a festival does promote public peace, health, safety, and welfare, it is not a function in which nongovernmental persons are not customarily engaged.

The First District, therefore, determined coordination and operation of the festival was a proprietary function.

{¶19} In the case *sub judice*, the record shows Appellant participated in the coordination and operation of the festival by blocking off roadways for use in the festival, cleaning up before and after the festival, and providing on-duty police and EMS on standby. As such, viewing the record most strongly in favor of Appellee, a genuine issue of material fact exists as to whether or not the level of participation by Appellant in the coordination and operation of the festival rises to the level of a proprietary function.

### Second Tier Analysis

{¶20} The second step of the analysis is to determine whether any of the exceptions to the general rule of immunity, contained in R.C. 2744.02(B) apply. *Greene Cty. Agricultural Society* at 556-557, 733 N.E.2d 1141; R.C. 2744.02(A)(1). Under R.C.2744.02(B)(2), a political subdivision loses its immunity and becomes liable for damages resulting from the harm caused by the negligence of its employees in their

performance of proprietary functions. *Brown v. Lincoln Hts.*, 1st Dist. No. C-100699, 195 Ohio App.3d 149, 2011-Ohio-3551, 958 N.E.2d 1280, ¶22. If the finder of fact determines Appellant's participation in the coordination and operation of the festival constitutes a proprietary function, this exception will be applicable if there was negligence on the part of Appellant.

**{¶21}** To prove negligence, Appellee has the burden to establish: (1) a duty of care by Appellant to Appellee, (2) breach of that duty, and (3) injury proximately caused from the breach. *Vasquez-Cromer v. City of Toledo*, 6th Dist. Lucas No. L-18-1266, 2019-Ohio-5149, ¶16 citing *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). Where negligence revolves around the existence of a hazard or defect, a duty of care does not arise unless the defendant has notice, either actual or constructive, of such hazard or defect." *Cone v. City of Canton*, 5th Dist. Stark No.2017CA00043, 2017-Ohio-8035, ¶14 quoting *Davis v. Akron*, 9th Dist. Summit No. 19553, 2000 WL 254900, *1 citing *Heckert v. Patrick*, 15 Ohio St.3d 402, 473 N.E.2d 1204 (1984).

**{¶22}** In the case *sub judice*, Appellee alleges Appellant had notice of the defect, supported by affidavits, that the area around the catch basin had been repaved several times given the height of the pavement. However, Appellant never adjusted the height of the catch basin grate. This caused Appellee's fall resulting in a fractured left femur, left foot, Appellee struck her head, and injured her right shoulder. Therefore, while viewing the record in a light most favorable to Appellee, the trial court did not err when it found there is a genuine issue of material fact whether Appellee's damages were caused by the negligence of Appellant's employees in their performance of a proprietary function.

**Third Tier Analysis**

**{¶23}** There is no dispute that the defenses and immunities listed in R.C. 2744.03 do not apply.

**{¶24}** Viewing the current evidence in the light most favorable to Appellee, we find there is a genuine issue of material fact whether Appellant is entitled to political subdivision immunity pursuant to R.C. 2744.

**II.**

**{¶25}** In Appellant's Second Assignment of Error, Appellant argues that Appellant is entitled to political subdivision immunity pursuant to R.C. 2744, and that the exception to political subdivision immunity pursuant to R.C. 2744.02(B)(3) does not apply. We disagree.

**{¶26}** Appellant's Assignment of Error states, "The trial court erred by failing to conduct an analysis of whether the exception to immunity found under R.C. 2744.02(B)(3) was applicable to this case." However, Appellant does not cite any proposition of law stating the trial court was required to perform such analysis. Instead, Appellant argued the merits as to the applicability of R.C. 2744.02(B)(3).

**{¶27}** Due to our disposition of Appellant's First and Third Assignments of Error, we find it unnecessary to address Appellant's Second Assignment of Error and therefore decline to do so.

**{¶28}** For the foregoing reasons, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/br 0211